## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NICHOLAS ANDREWS,<br># B-82197, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00015-MJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC.,<br>SHERYLL LYNN, and<br>ALFONSO DAVID, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On January 7, 2015, Plaintiff Nicholas Andrews filed a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  At that time, Plaintiff was incarcerated at Shawnee Correctional Center ("Shawnee").  On that date, Plaintiff also filed a Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs ("IFP Motion") (Doc. 3).

On January 8, 2015, the Court entered a text order (Doc. 6) informing Plaintiff that he had failed to provide the necessary prisoner trust fund account information as required by the PLRA.  The Court ordered Plaintiff to provide a certification by the Trust Fund Officer at the facility and a copy of his/her trust fund account statement (or institutional equivalent) for the period 7/1/2014 to 1/7/2015 no later than 2/23/2015.  The Court further advised Plaintiff that failure to do so would result in dismissal of this action for failure to comply with an Order of this Court. Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *see also Sultan v. Fenoglio*, No. 14-1376, 2015 WL 51672, at *3 (7th Cir. Jan. 5, 2015) (noting that when a prisoner fails to provide a

1

statement of his trust account within a given time, dismissal for want of prosecution is appropriate).

On February 4, 2015, the Court entered a notice of impending dismissal (Doc. 7) warning Plaintiff that he must provide the Court with the necessary certification by the Trust Fund Officer at the facility and a copy of his/her trust fund account statement no later than 2/23/2015 or his case would be dismissed.  Plaintiff has failed to submit the necessary documentation, and the deadline to do so has passed.

As a result, the present case is **DISMISSED WITH PREJUDICE** and this case is **CLOSED**.  Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another

"strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[1] may toll the

30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 5, 2015**

s/ MICHAEL J. REAGAN           
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).